IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

PASCHALL L. SANDERS,

        Plaintiff,                    ORDER

                                              13-cv-649-wmc

KITTY RHODES, *et al.*,

        Defendants.

---

      Plaintiff Paschall L. Sanders is currently subject to civil commitment at the Sand Ridge Secure Treatment Center in Mauston, Wisconsin, pursuant to Wis. Stat. ch. 980 and Wis. Stat. § 51.61. Sanders has filed a civil action against three administrators with the Wisconsin Department of Health Services, challenging the denial of his application for benefits under a state Medicare or Medicaid program. With the exception of habeas corpus proceedings, the fee for civil actions filed after May 1, 2013 is $400 unless a litigant qualifies as indigent under the federal *in forma pauperis* statute, 28 U.S.C. § 1915, in which case the fee is $350. Plaintiff has submitted a motion for leave to proceed *in forma pauperis*. (Dkt. # 5). The court cannot consider this motion, however, because it lacks information regarding plaintiff's eligibility for indigent status.

      This court uses one formula for determining whether an institutionalized litigant is entitled to proceed *in forma pauperis*, even in cases that are not subject to the mandatory fee provisions found in the Prison Litigation Reform Act (PLRA), 28 U.S.C. § 1915(b). *See Longbehn v. United States*, 169 F.3d 1082, 1083-84 (7th Cir. 1999) (approving the district court's incremental fee-collection formula for non-PLRA cases). Under this formula, the court will consider a copy of the plaintiff's resident account statement for the six months preceding his complaint, calculating 20% of the average monthly balance and comparing that amount with 20% of the average monthly income. The plaintiff will be required to pay whichever amount is greater toward the $400 filing

fee before his case can proceed. Plaintiff qualifies for indigent status with respect to the remainder of the fee. (The federal *in forma pauperis* statute does not permit a court to waive plaintiff's entire obligation to pay filing fees, but it does allow a qualifying individual to proceed without prepaying some or all of the filing fee.)

Plaintiff has not provided a certified copy of his resident account statement along with his motion for leave to proceed *in forma pauperis*. He must do so if he intends to pursue his request. Because plaintiff's complaint was executed on September 11, 2013, his resident account statement should cover the preceding six-month period, from the date of the complaint through at least March 11, 2013. If plaintiff fails to submit the required statement within the deadline set below, the court will assume he does not wish to proceed with this action and his case will be dismissed.

ORDER

IT IS ORDERED that, no later than October 11, 2013, plaintiff Paschall Sanders shall submit a certified copy of his resident account statement for the six-month period from the date of the complaint (September 11, 2013 through at least March 11, 2012). Plaintiff is advised that, if he fails to comply as directed or show cause of his failure to do so, his case will be dismissed without further notice pursuant to Fed. R. Civ. P. 41(a).

Entered this 24th day of September, 2013.

BY THE COURT:

/s/
PETER OPPENEER
Magistrate Judge