IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

PASCHALL L. SANDERS,

                Plaintiff,

                                              OPINION AND ORDER

v.

                                              13-cv-649-wmc

KITTY RHODES, Secretary, Wisconsin
Department of Health Services, *et al.*,

                Defendants.

---

      Plaintiff Paschall L. Sanders is currently a patient in custody of the Wisconsin Department of Health Services ("WDHS") at the Sand Ridge Secure Treatment Center, having been civilly committed pursuant to Wis. Stat. ch. 980. Sanders filed this proposed civil action for declaratory and injunctive relief, alleging that he was wrongfully denied benefits from the state Medicare/Medicaid program. Sanders requests leave to proceed without prepayment of the full filing fee for purposes of the federal *in forma pauperis* statute. *See* 28 U.S.C. § 1915(a). He requests the appointment of counsel and a special master. Having filed more than one motion for a temporary restraining order or preliminary injunction, he seeks leave to proceed.

      Before Sanders may proceed, the court is required by the federal *in forma pauperis* statute to screen the proposed complaint and dismiss any portion that is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks money damages from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2). In addressing any *pro se* litigant's complaint, the court must read the allegations generously, reviewing them under "less stringent standards than formal pleadings drafted by lawyers."

*Haines v. Kerner*, 404 U.S. 519, 521 (1972). Even under this lenient standard, Sanders' request for leave to proceed must be denied and his complaint will be dismissed for reasons set forth below.

## ALLEGATIONS OF FACT

For purposes of this order, the court accepts all well-pled allegations as true and assumes the following probative facts.[1]

Sanders has a lengthy criminal record dating back to the early 1970s, including convictions for more than one sexual assault, armed robbery, theft and escape. Following his release from prison onto parole, Sanders absconded. Most recently, he was convicted in Milwaukee County and sentenced to state prison for second-degree sexual assault of a child. Anticipating his next release from the penitentiary, the State of Wisconsin filed a petition seeking Sanders's involuntary civil commitment as a "sexually violent person" pursuant to Wis. Stat. ch. 980.[2] In 2009, a jury found that Sanders was a sexually violent person as defined by Wis. Stat. § 980.01(7). Therefore, the circuit court granted the State's petition and entered a judgment committing Sanders to the Wisconsin

---

[1] The court has supplemented the facts with dates and procedural information about plaintiff's underlying state court proceedings from the electronic docket available at Wisconsin Circuit Court Access, http://wcca.wicourts.gov (last visited December 5, 2013). The court draws all other facts from the pleadings submitted by plaintiff and the attached exhibits. *See* FED. R. CIV. P. 10(c); *see also Witzke v. Femal*, 376 F.3d 744, 749 (7th Cir. 2004) (explaining that documents attached to the complaint become part of the pleading, meaning that a court may consider those documents to determine whether plaintiff has stated a valid claim).

[2] "A 'sexually violent person' means a person who has been convicted of a sexually violent offense, has been adjudicated delinquent for a sexually violent offense, or has been found not guilty of or not responsible for a sexually violent offense by reason of insanity of mental disease, defect, or illness, and who is dangerous because he or she suffers from a mental disorder that makes it likely that the person will engage in one or more acts of sexual violence." Wis. Stat. § 980.01(7).

Department of Health Services "for control, care and treatment" for an indefinite period until such time that he no longer qualifies as sexually violent person. *See State v. Sanders*, Milwaukee County Case No. 2004CI4.

In his pending complaint, Sanders contends that he was wrongfully denied "medical assistance" benefits from the state Medicare/Medicaid program. In 2012, the Juneau County Department of Human Services denied Sanders's application for benefits after conducting an in-person hearing at the Sand Ridge Secure Treatment Center. The Department of Health Services, Division of Hearings and Appeals affirmed that decision on July 23, 2012, concluding that Sanders could not qualify for benefits while civilly committed to Sand Ridge because he met the definition of an "inmate of a public institution." Wis. Stat. § 49.47(6)(c); *see also* 42 C.F.R. §§ 435.1009–.1010 (excluding inmates of a public institution from eligibility for Medicaid benefits). Sanders filed more than one motion for rehearing with the Wisconsin Department of Health Services. After his last request for rehearing was denied on September 12, 2012, Sanders pursued relief through the administrative grievance process at Sand Ridge.

Sanders notes that individuals confined in "institutions for mental disease" pursuant to the Wisconsin Mental Health Act are eligible for benefits.[3] Arguing that Sand Ridge qualifies as an institution for mental disease, Sanders contends that the Wisconsin Department of Health Services wrongfully denied his application for benefits.

---

[3] Sanders mentions the Winnebago Mental Health Institute, the Mendota Mental Health Institute in Madison, and several psychiatric hospitals in Green Bay, Milwaukee and Waukesha as facilities that are defined or recognized as "institutions for mental disease" by the Wisconsin Medicare Eligibility Handbook at § 27.1.1, 27.1.2 and 27.11. (Dkt. # 2, Exhibits). One of his claims is that Sand Ridge, which houses sexually violent persons pursuant to Wis. Stat. ch. 980, should be recognized as an institution for mental disease.

3

In particular, he claims that the adverse decision constitutes illegal discrimination that violates Title II of the Americans with Disabilities Act, the Rehabilitation Act, and the Fourteenth Amendment Equal Protection Clause. He seeks declaratory and injunctive relief in the form of a judgment overturning the adverse decision by the Wisconsin Department of Health Services and finding him eligible to receive the applied for benefits.[4]

OPINION

Liberally construed, Sanders challenges an adverse decision by the Wisconsin Department of Human Services, denying his application for medical assistance or Medicaid benefits. Judicial review of adverse decisions by this state agency typically must be sought in the state circuit court in the county where the applicant resides. *See, e.g., Hedlund v. Wisconsin Dep't of Health Servs.*, 2011 WI App 153, 337 Wis. 2d 634, 807 N.W.2d 672 (appeal from a circuit court's decision affirming an administrative law judge's denial of medical assistance benefits); *Berger v. Wisconsin Dep't of Health Servs.*, 2011 WI App 121, 337 Wis. 2d 89, 803 N.W.2d 867 (unpublished) (same).

By contrast, federal judicial review of adverse benefits determinations is available only from a final administrative decision by the Commissioner of the United States Department of Health and Human Services. *See* 42 U.S.C. §§ 405(g), 1395ii; *Heckler v.*

---

[4] In addition to the relief sought in his complaint, Sanders seeks a temporary restraining order or preliminary injunction to enjoin the defendants from subjecting him to restrictive conditions of confinement and charging him "out-of-pocket fees" for goods and services such as cable television, "personal care products," eyeglasses and other items that would otherwise be paid for with Medicaid benefits. (Dkts. # 20, # 21).

*Ringer*, 466 U.S. 602, 617 (1984); *see also* 2 HARVEY L. MCCORMICK, MEDICARE AND MEDICAID CLAIMS AND PROCEDURES §§ 18.1–18.2 (4th ed. 2005). Because the adverse decision that Sanders challenges does not meet the criteria for federal review, his complaint concerning that decision must be dismissed for lack of subject matter jurisdiction.

## ORDER

IT IS ORDERED that:

1. The request for leave to proceed by plaintiff Paschall L. Sanders III is DENIED and this case is DISMISSED for lack of jurisdiction.

2. All pending motions are denied as MOOT.

Entered this 24th day of January, 2014.

BY THE COURT:

_____
WILLIAM M. CONLEY
District Judge